This is an appeal from the January 20, 1999 judgment entry of the Common Pleas Court of Marion County granting a motion for summary judgment and dismissing the complaint of the appellant Bureau of Workers' Compensation. The Bureau had sought subrogation in excess of $37,000 for medical bills and lost wages paid to Appellee Virginia R. Swanger as a result of a February, 1995 accident.
Swanger brought an action against Roadway Package Systems and others and settled the matter in April 1998 for $145,000. Swanger incurred attorney fees for filing the lawsuit and for obtaining the settlement in the amount of one-third of her total recovery, or $48,333.33. The Bureau seeks recovery by virtue of the language of R.C. 4123.93 in effect at the time. (The statute was amended September 29, 1995 but the amendment is not retroactive). The former version, which applies to this cause, provided:
 (B) The administrator of workers' compensation, for the amount of compensation and benefits paid to and on behalf of an employee * * * less the amount of reasonable attorney fees and court costs actually incurred by the employee in the action * * * is subrogated to all of the rights of that employee against a third-party tortfeasor involving that compensable injury or disease.
 (D) The right of subrogation which inures to the benefit of the administrator * * * under division (B) of this section is automatic and applies only if the employee is a party to an action involving the third-party tortfeasor.
For its assignments of error, appellant states the following:
 The trial court erred in finding that "the plain meaning of the statute in question does not provide Plaintiff with a right of subrogation in this type of situation."
 2. The trial court erred in finding "nothing inherently unreasonable in the fee charged," thereby deducting the entire fee from Plaintiff/Appellant's subrogation right and frustrating the purpose of the legislature by barring recovery by the Bureau of Workers' Compensation (Bureau).
 Appellant states that the Bureau is a real party in interest and should have been joined in this cause. It states that where the employee has no out of pocket expenses or attorney fees and where the employee has failed to protect the interests of the Bureau, there is no reason to protect employee's settlement, which far exceeds the amount sought by the Bureau. Therefore, the trial court's ruling unjustly enriches the employee and rewards her failure to join the Bureau. The Bureau believes that some reasonable attorney fees should be allowed on a pro rata basis.
In addition, the Bureau states that Swanger should not have structured a settlement that apportioned all the attorney fees against the compensable injuries and not guaranteed payment of the amount due to the Bureau.
The trial court found, in interpreting the legislative intent of R.C. 4123.93, that the plain meaning of the statute did not provide the Bureau with a right of subrogation "in this type of situation". The court also found that "the statute directs that court costs and reasonable fees are to be deducted from the amount paid when determining a right of subrogation." The court found nothing inherently unreasonable in the fee charged. We agree.
The Bureau is a "Statutory subrogee" by virtue of the R.C. 4123.93 definition. Any rights that inure to the benefit of the Bureau are derived from the statutory language. There is no statutory requirement that appellee must join the Bureau, get the Bureau's consent to settle a claim, pro rate fees, or take any other action "to protect its interests." As the trial court pointed out, the only issue is the interpretation of the legislative intent and the statute clearly directs that court costs and reasonable fees are to be deducted from the amount paid when determining subrogation.
The assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
SHAW and WALTERS, JJ., concur.